IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ADVANCED CONCRETE, INC.,

                       Plaintiff,
    v.                                                    OPINION and ORDER

KURTEX LOGISTICS, INC. and TRAVELERS                  25-cv-548-jdp
PROPERTY CASUALTY COMPANY,

                       Defendants.

---

Defendant Kurtex Logistics, Inc. was hired to deliver an oversized shipment to be used by plaintiff Advanced Concrete, Inc. in building a recycling facility. Advanced Concrete alleges that the shipment was damaged and became "unusable" when Kurtex hit an overpass bridge. Advanced Concrete is suing Kurtex under state common law and 49 U.S.C. § 14706—commonly called the Carmack Amendment—which governs liability for damages to goods in interstate commerce. Defendant Travelers Property Casualty Company is Kurtex's insurer, and Travelers removed the case from state court.

Three motions are before the court: (1) Advanced Concrete's motion to remand the case to state court because Kurtex did not timely join the notice of removal;[1] (2) Kurtex's motion to dismiss the state-law claims as preempted by the Carmack Amendment; and (3) Travelers' motion to dismiss the Carmack Amendment claim because insurers are not suable under that statute. The questions raised in each of these motions have clear answers provided by the relevant statutes and prior case law: defendants were entitled to correct any

---

[1] Advanced Concrete's motion to remand included a request to stay briefing on defendants' motions to dismiss pending a decision on the motion to remand. The court previously denied that request. Dkt. 14.

defects that were in the notice of removal; the Carmack Amendment preempts Advanced Concrete's state-law claims; and insurers cannot be sued under the Carmack Amendment. The court will deny the motion to remand and grant the motions to dismiss. The case will move forward the way it should have started: as a claim against Kurtex under the Carmack Amendment.

## ANALYSIS

**A. Advanced Concrete's motion to remand**

Travelers removed this case from the Dane County Circuit Court. Advanced Concrete seeks to remand the case, but Advanced Concrete does not dispute that the court has subject matter jurisdiction. The Carmack Amendment provides a basis for exercising federal-question jurisdiction under 28 U.S.C. § 1331, and the court may exercise supplemental jurisdiction over the related state-law claims under 28 U.S.C. § 1367. Advanced Concrete also does not dispute that Travelers filed its notice of removal within the 30-day deadline in 28 U.S.C. § 1446(b)(1). Instead, Advanced Concrete contends that Travelers' notice of removal is procedurally defective because Kurtex did not join the notice as required by § 1446(b)(2).

Under § 1446(b)(2)(A), "all defendants who have been properly joined and served must join in or consent to the removal of the action." Advanced Concrete says that Travelers did not comply with this requirement because Kurtex did not sign the notice of removal. Advanced Concrete also says that it is too late for Kurtex to join or consent now because written consent must be filed with the court before the 30-day deadline for removing expires.

Defendants acknowledge that Kurtex did not sign the notice of removal. But they contend that they complied with § 1446(b)(2)(A) in four ways: (1) Travelers represented on

2

the notice that "Kurtex consents to removal;" (2) before Travelers filed the notice, counsel for Kurtex sent Travelers an email, stating that he reviewed the notice and made revisions to it, and he directed Kurtex to file the notice, Dkt. 22-2; (3) Kurtex's counsel submitted a declaration with defendants' opposition brief, stating that he gave Travelers consent before Travelers filed the notice of removal, Dkt. 22, ¶ 5; and (4) before the deadline for removal expired, Kurtex demonstrated its consent by filing a motion to dismiss in this court.

The text of § 1446(b)(2)(A) does not identify how a removing defendant must demonstrate that other defendants "join in or consent" to removal. Several circuits have held that it is sufficient for the removing defendant to represent in the notice of removal that all defendants consent. *See Griffioen v. Cedar Rapids & Iowa City Ry. Co.*, 785 F.3d 1182, 1187–88 (8th Cir. 2015); *Mayo v. Bd. of Educ. of Prince George's Cnty.*, 713 F.3d 735, 742 (4th Cir. 2013); *Proctor v. Vishay Intertechnology Inc.*, 584 F.3d 1208, 1225 (9th Cir. 2009); *Harper v. AutoAlliance Int'l, Inc.*, 392 F.3d 195, 201–02 (6th Cir. 2004). These courts reason that § 1446(b)(2)(A) does not expressly require all defendants to affirm their consent to the court in writing, and the possibility of sanctions under Federal Rule of Civil Procedure 11 provides adequate safeguards against misrepresentations by the removing defendant.

The reasoning of these cases is persuasive, but the Court of Appeals for the Seventh Circuit appeared to take a different approach in *Roe v. O'Donohue*, rejecting a notice of removal that stated, "all other defendants who have been served with summons in this action have stated that they do not object to the removal of this action to federal court." 38 F.3d 298, 301 (7th Cir. 1994). But the court's only reasoning was that the word "join" implies support in writing, so a statement from one defendant on behalf of the others was not sufficient. *Id.* The court did not consider the meaning of "consent."

3

Even if Travelers' notice was procedurally defective, the court of appeals held in *North Illinois Gas Co. v. Airco Industry Gases* that defendants are entitled to cure procedurally defective notices of removal, even after the 30-day deadline for removal passes. 676 F.2d 270, 273 (7th Cir. 1982). *Airco* relied on 28 U.S.C. § 1653, which allows parties to correct "defective allegations of jurisdiction." Advanced Concrete cited *Airco* in both its opening brief and its reply brief but failed to acknowledge that key aspect of its holding. Instead of *Airco*, Advanced Concrete relies on *Joan Z. Doyle Fam. Tr. v. Town of Hanover*, which held that all defendants must provide their written consent to the court within the 30-day removal period. No. 23-cv-970, 2023 WL 8014389, at *3 (W.D.N.Y. Nov. 20, 2023). But *Joan Z.* is inconsistent with *Airco* and other cases from both the court of appeals and this court holding that there is no fixed deadline for correcting procedural defects in a notice of removal.[2]

Defendants cured any defect in the notice of removal. Counsel for Kurtex filed a declaration stating that he "expressly authorized and consented to the filing of the Notice of Removal on behalf of Kurtex, and intended that the Notice of Removal reflect Kurtex's unequivocal consent to remove this action to federal court." Dkt. 22, ¶ 5. Advanced Concrete neither cites any contrary evidence nor challenges the admissibility of the declaration. So the

---

[2] *See Walton v. Bayer Corp.*, 643 F.3d 994, 998 (7th Cir. 2011) (procedural defect in notice of removal cured five days after 30-day deadline did not require remand); *Harmon v. OKI Sys.*, 115 F.3d 477, 479 (7th Cir. 1997) (defects in notice of removal's jurisdictional allegations could be cured two years after removal, so long as evidence showed that jurisdiction existed at time of removal); *Shaw v. Dow Brands, Inc.*, 994 F.2d 364, 368–69 (7th Cir. 1993) ("[A]mendments to correct 'defective allegations of jurisdiction' are permitted under 28 U.S.C. § 1653 at any time."); *Paragon Tank Truck Equip., LLC v. Par. Truck Sales, Inc.*, No. 14-cv-069-wmc, 2014 WL 2739155, at *2 (W.D. Wis. June 17, 2014) (allowing party to correct defective notice of removal after 30-day deadline).

declaration shows that Kurtex consented to removal at the time that the notice was filed, and defendants have complied with § 1446(b)(2)(A).

The court will deny Advanced Concrete's motion to remand.

## B. Kurtex's motion to dismiss

Advanced Concrete asserts three claims in its complaint: (1) the Carmack Amendment; (2) breach of contract; and (3) negligence.[3] Kurtex does not seek dismissal of the claim under the Carmack Amendment, but Kurtex contends that the two state common-law claims are preempted by the Carmack Amendment. Alternatively, Kurtex contends that the negligence claim is preempted by the Federal Aviation Administration Authorization Act and that Advanced Concrete cannot assert a breach-of-contract claim because it does not have a contract with Kurtex. Travelers joins Kurtex's motion. Dkt. 19, at 2. The court concludes that the Carmack Amendment preempts the state common-law claims, so it is not necessary to consider the other arguments.

Under the Carmack Amendment to the Interstate Commerce Act, a motor carrier must pay "the actual loss or injury to the property caused by" the carrier to "the person entitled to recover under the receipt or bill of lading." 49 U.S.C. § 14706(a)(1). The amendment preempts state statutory and common-law remedies against a carrier when goods are damaged or lost in interstate commerce. *Gordon v. United Van Lines, Inc.*, 130 F.3d 282, 288 (7th Cir. 1997). Congress enacted the amendment more than 100 years ago because so many different standards for liability had arisen under state laws across the country, and a uniform standard

---

[3] Advanced Concrete asserts a fourth claim for "declaratory judgment," but the claim is simply a request to declare that Kurtex breached its contract, so that is just another breach-of-contract claim.

was needed to create certainty for shippers and carriers alike regarding how liability would be allocated when something went awry during shipment. *See REI Transp., Inc. v. C.H. Robinson Worldwide, Inc.*, 519 F.3d 693, 697 (7th Cir. 2008).

Advanced Concrete does not dispute that Kurtex qualifies as a carrier under the Carmack Amendment, that Advanced Concrete is the person entitled to recover under the bill of lading, or that Advanced Concrete is seeking to recover for damage to goods in interstate commerce. Advanced Concrete acknowledges that the Carmack Amendment provides the "default rules of carrier liability." Dkt. 17, at 6. But Advanced Concrete says that Kurtex "waived" the Carmack Amendment's preemptive effect by including provisions in its agreement with the transportation broker that provide greater protection than what is provided by Carmack Amendment. Specifically, the contract allows the broker and its customers to recover damages "of any kind" and it imposes a 30-day deadline for responding to a settlement demand. Advanced Concrete relies on 49 U.S.C. § 14101(b)(1), which includes the following sentence: "If the shipper and carrier, in writing, expressly waive any or all rights and remedies under this part for the transportation covered by the contract, the transportation provided under the contract shall not be subject to the waived rights and remedies and may not be subsequently challenged on the ground that it violates the waived rights and remedies."

The parties both assume that the phrase "rights and remedies under this part" is a reference to the Carmack Amendment. But Kurtex contends that § 14101 does not apply for two other reasons: (1) the statute requires an "express[] waive[r]," which is not present in this case; and (2) the statute applies only to a contract between a "shipper" and "carrier," and the contract Advanced Concrete is invoking is between a carrier and a broker, not a shipper. The court agrees with the first reason, so it is not necessary to consider the second.

6

Neither side cites any caselaw from the Supreme Court or the Court of Appeals for the Seventh Circuit that discusses the interaction between § 14101 and the Carmack Amendment. Advanced Concrete cites *REI Transport*, but that case had nothing to do with § 14101. Rather, the court held that the Carmack Amendment did not apply to claims brought by carriers for unpaid bills, so it is not instructive. *See* 519 F.3d at 697.

Advanced Concrete does cite several district court cases holding that § 14101 allows parties to contract around the Carmack Amendment. *See E. Express, Inc. v. Pete Rahn Constr. Co.*, 554 F. Supp. 3d 960, 963–64 (S.D. Ill. 2021); *Sanofi-Aventis U.S., LLC v. Great Am. Lines, Inc.*, No. CV102023MASTJB, 2016 WL 4472949, at *2–3 (D.N.J. Aug. 22, 2016); *Smithfield Beef Grp.-Tolleson, Inc. v. Knight Refrigerated, LLC*, No. CV 08-1923-PHX-MHM, 2009 WL 1651289, at *2 (D. Ariz. June 12, 2009). These cases are not instructive either because the contracts at issue in each case included provisions expressly waiving the application of the Carmack Amendment.

In this case, Advanced Concrete does not point to an express waiver. In fact, the contract expressly *invokes* the Carmack Amendment: "Carrier hereby assumes the liability of a motor carrier as provided in 49 U.S.C. 14706 [the Carmack Amendment] as in effect on the effective date of this Agreement." Dkt. 17-1, § 13. Advanced Concrete cites that provision in its brief but fails to address the implications of the provision.

Distilled, Advanced Concrete's argument is that a waiver can be *implied* because there are differences between the Carmack Amendment and the requirements and remedies of the contract at issue. But that is not an express waiver under any reasonable interpretation of that phrase. Under Advanced Concrete's view, the Carmack Amendment could not apply to any breach-of-contract claim unless the scope of the contract is identical to the Carmack

7

Amendment. But that would make preemption pointless, and Advanced Concrete cites no authority for that view. The court of appeals has held broadly that the Carmack Amendment preempts "state statutory or common law claims against a carrier for damages to the shipper's goods that have been transferred in interstate commerce," without identifying an exception for contract claims. *REI Transp.,* 519 F.3d at 698. The court of appeals has also dismissed contract claims based on Carmack Amendment preemption, without parsing the contract to determine whether it tracks the Carmack Amendment. *See Gordon*, 130 F.3d at 289.

Perhaps there is an argument that an express waiver should not be required for a contract claim. Concerns about uncertainty are diminished when the parties themselves decide the terms for liability. Preemption under these circumstances could also create incentives for a more informed and sophisticated carrier to acquire a shipper's business by making lavish promises while knowing that the promises cannot be enforced. But those are policy considerations for Congress, not the courts. The law is clear: the Carmack Amendment preempts any state-law claim about damage to an interstate shipment unless the shipper and carrier expressly waive application of the amendment. No such waiver exists in this case, so the court will grant the motion to dismiss all of Advanced Concrete's state-law claims as preempted by the Carmack Amendment.

C. **Travelers' motion to dismiss**

Travelers seeks dismissal of Advanced Concrete's claim against Travelers under the Carmack Amendment for a straightforward reason: the Carmack Amendment creates a cause of action for shippers against carriers; it does not create any rights for the shipper against the

carrier's insurer. *See* 49 U.S.C. § 14706(d).[4] Advanced Concrete does not dispute this, but it says that it may sue Travelers under Wis. Stat. § 632.24 and Wis. Stat. § 803.04. The obvious problem with that argument is that § 632.24 and § 803.04 allow plaintiffs to directly sue a defendant's insurer in a negligence action, but the court has dismissed Advanced Concrete's negligence claims as preempted by the Carmack Amendment. As this court previously held, § 632.24 and § 803.04 have no application in a case under the Carmack Amendment, both because a case brought under the Carmack Amendment is not a negligence action and because a state statute cannot create a cause of action for a federal law. *See Land O'Lakes v. Joslin Trucking, Inc.,* No. 08-cv-355-bbc, 2008 WL 5205910, at *2 (W.D. Wis. Dec. 11, 2008). Advanced Concrete's attempts to distinguish *Land O' Lakes* all rest on the presence of state-law claims in this case. But, as already discussed, the state-law claims are preempted. So the court will grant Travelers' motion to dismiss. The case will proceed against Kurtex on Advanced Concrete's claim under the Carmack Amendment.

ORDER

IT IS ORDERED that:

1. Plaintiff Advanced Concrete, Inc's motion to remand, Dkt. 11, is DENIED.

2. Defendant Kurtex Logistics, Inc's motion to dismiss Advanced Concrete's state-law claims, Dkt. 4, is GRANTED.

---

[4] Travelers also seeks dismissal of the contract claim for other reasons, but the court need not consider those arguments because the contract claim is preempted.

3. Defendant Travelers Property Casualty Company of America's motion to dismiss, Dkt. 19, is GRANTED. Travelers is DISMISSED from the case.

Entered October 30, 2025.

                              BY THE COURT:

                              /s/
                              _____
                              JAMES D. PETERSON
                              District Judge